IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MAEGAN OLIVIA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-cv-00173 |
| | ) | |
| CITY OF LA VERGNE, TENNESSEE, | ) | JUDGE RICHARDSON |
| BURREL "CHIP" DAVIS, | ) | MAGISTRATE JUDGE HOLMES |
| LEWIS POWELL, and | ) | |
| HENRY "TY" MCGOWAN | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

**PARTIES' JOINT CLAWBACK AND PRESUMPTIVELY
PRIVILEGED PROTOCOL STIPULATION AND FRE 502(D) AND (E) ORDER**

The parties hereby stipulate to protect certain privileged and otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver in the event they are produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request or informal production.

The parties may be required to produce large volumes of documents and, to comply with discovery deadlines in the case, wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other Federal and State proceedings. Accordingly, the parties hereby stipulate to, and the Court hereby Orders pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or

evidentiary protection including, but not limited to the attorney-client privilege, the work product doctrine, or the spousal privilege, and no party shall be held to have waived any rights by such inadvertent production.

2. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range, document range, or any other means and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the receiving party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

3. Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return, sequester or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. The producing party shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering

them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

4. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified documents until the claim is resolved.

5. The receiving party shall have five (5) business days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

6. The receiving party's return, sequestering or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B). The producing party need make no showing with respect to measures to take to prevent the inadvertent production of the documents in question in order to be entitled to their return.

7. Either party may submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. The receiving party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Court's determination of the claim.

8. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The Court may also order, the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

9. Upon a determination by the Court that the specified documents are not protected by the applicable privilege, the producing party shall bear the costs of placing or restoring the information into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

**SO STIPULATED:**

*/s/ A. Ryan Simmons*
Kristin E. Berexa, #14833
A. Ryan Simmons, #31456
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
Phone: 615-254-3060
kberexa@fbb.law
rsimmons@fbb.law
*Counsel for Defendant City of La Vergne*

*/s/ Wesley Clark*
Wesley Ben Clark, #32611
Frank Ross Brazil, #34586
Sarah Mansfield #39476
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
wesley@brazilclark.com
frank@brazilclark.com
sarah@brazilclark.com
*Counsel for Plaintiff Maegan Hall*

*/s/ Drew Justice*
Drew Justice, #29247
THE JUSTICE LAW OFFICE
1902 Cypress Drive
Murfreesboro, TN 37130
(615) 419-4994
drew@justicelawoffice.com
*Counsel for Defendant Lewis Powell*

*/s/ Jay B. Jackson*
Jay B. Jackson, #16745
MITCHELL & MITCHELL
106 E College Street
P O Box 1336
Murfreesboro, TN 37133-1336
(615) 896-4211
jay.jackson@mitchellattorneys.com
*Counsel for Defendant Henry "Ty" McGowan*

*/s/ Isaac T. Conner*
Isaac T. Conner, #22736
MANSON JOHNSON CONNER, PLLC
1720 West End Avenue, Suite 300
Nashville, TN 37203
615-254-1600
iconner@mansonjohnsonlaw.com
*Counsel for Defendant Burrel "Chip" Davis*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of September, 2023, a true and correct copy of the foregoing has been served via the Court's electronic filing system and/or email to:

Wesley Ben Clark
Frank Ross Brazil
Sarah Mansfield
Brazil Clark, PLLC
2901 Dobbs Ave.
Nashville, TN 37211
615-730-8619
wesley@brazilclark.com
frank@brazilclark.com
sarah@brazilclark.com
*Attorneys for Plaintiff*

Drew Justice
Justice Law Office
1902 Cypress Dr.
Murfreesboro, TN 37130
(615) 419-4994
drew@justicelawoffice.com
*Attorney for Defendant Lewis Powell*

Jay B. Jackson
Mitchell & Mitchell
106 E. College St.
Murfreesboro, TN 37130
(615) 896-4211
jay@mitchellattorneys.com
*Attorney for Defendant Henry "Ty" McGowan*

Isaac T. Conner
Manson Johnson Conner, PLLC
1720 West End Avenue, Suite 300
Nashville, TN 37203
(615) 254-1600
iconner@mansonjohnsonlaw.com
*Attorney for Defendant Burrel Davis*

                                              */s/ A. Ryan Simmons*
                                              A. Ryan Simmons